# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN GRAY, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 07 Civ. 9790 (SHS) (DCF) |
| SHAUN ROSE, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 10,<br><br>Defendants. | Civil Action No: 07 Civ. 10294 (DC) |
| MEREDITH TRANBERG, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br>Defendants. | Civil Action No: 07 Civ. 10341 (UA) |

| | |
|---|---|
| ANTON RAPPOLD, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CITIBANK, N.A.., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN and JANE DOES 1 - 10,<br><br>Defendants. | Civil Action No: 07 Civ. 10396 (UA) |
| SAMIER TADROS, on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>CITIGROUP INC., CHARLES O. PRINCE, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ RAMIREZ, ANN DIBBLE JORDAN, KLAUS KLEINFELD, ANDREW N. LIVERIS, ANNE MULCAHY, RICHARD D. PARSONS, JUDITH RODIN, ROBERT E. RUBIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, JOHN DOES 1-20 (BEING CURRENT AND FORMER MEMBERS OF THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC.) and JOHN DOES 21-40 (BEING CURRENT AND FORMER MEMBERS OF THE INVESTMENT COMMITTEE OF THE CITIGROUP INC. 401(K) PLAN),<br><br>Defendants. | Civil Action No: 07 Civ. 10442 (UA) |

| | |
|---|---|
| STEPHAN FIORINO, individually and on behalf of all others similarly situated,<br><br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br><div align="center">Defendants.</div> | Civil Action No: 07 Civ. 10458 (UA) |
| JAMES BOLLA, individually and on behalf of all others similarly situated,<br><br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>CITIGROUP INC., CITIBANK N.A., CHARLES PRINCE, THE PLANS ADMINISTRATIVE COMMITTEE OF CITIGROUP INC., THE 401(k) INVESTMENT COMMITTEE, and JOHN DOES 1 - 20,<br><br><div align="center">Defendants.</div> | Civil Action No: 07 Civ. 10461 (UA) |
| MARK GEROULO, individually, on behalf of the CITIGROUP 401(k) Plan, the CITIBUILDER 401 (K) PLAN FOR PUERTO RICO, and all others similarly,<br><br><div align="center">Plaintiff,</div><br><div align="center">v.</div><br>CITIGROUP, INC., CITIBANK, N.A., THE PLAN ADMINISTRATIVE COMMITTEE OF CITIGROUP, INC., MICHAEL E. SCHLEIN, JOHN DOES 1-10, THE CITIGROUP 401(k) PLAN INVESTMENT COMMITTEE and JOHN DOES 10-20, C. MICHAEL ARMSTRONG, ALAIN J.P. BELDA, GEORGE DAVID, KENNETH T. DERR, JOHN M. DEUTCH, ROBERTO HERNANDEZ, ANN DIBBLE JORDAN, ANDREW N. LIVERIS, DUDLEY C. MECUM, ANNE M. MULCAHY, RICHARD D. PARSONS, ANDRALL E. PEARSON, CHARLES PRINCE, JUDITH RODIN, ROBERT E. RUBIN, FRANKLIN A. THOMAS, SANFORD I. WEILL,<br><br><div align="center">Defendants.</div> | Civil Action No: 07 Civ. 10472 (UA) |

**DECLARATION OF ROBERT I. HARWOOD
IN SUPPORT OF *GRAY* AND *TADROS* PLAINTIFFS' MOTION FOR (1)
CONSOLIDATION, (2) APPOINTMENT OF LEAD PLAINTIFFS AND LEADERSHIP
STRUCTURE, AND (3) ENTRY OF [PROPOSED] PRETRIAL ORDER NO. 1**

I, Robert I. Harwood, declare the following under penalty of perjury of the laws of the State of New York:

1.      I am the managing partner at the law firm of Harwood Feffer LLP and am one of the attorneys of record for Plaintiffs and the putative class members in the Citigroup ERISA Litigation.

2.      I submit this declaration in support of Gray and Tadros Plaintiffs' motion for consolidation, the appointment of interim lead plaintiffs, and the appointment of Harwood Feffer LLP and Wolf Popper LLP as interim lead counsel for the plaintiffs in the Citigroup ERISA Litigation.

3.      Harwood Feffer has taken a leading role among plaintiffs' firms in pursuing employee lawsuits and ERISA violations on behalf of participants and beneficiaries in employer-sponsored benefit plans.  The Firm has served or currently serves as lead or co-lead counsel in dozens of ERISA class actions and has recovered substantial sums in these matters in addition to bringing about significant structural changes to employee benefit plans.  For instance, in *In Re Royal Dutch/Shell Transport Erisa Litigation, No. 04-1398,* (D.N.J.), Harwood Feffer obtained a $90 million dollar recovery of the company's retirement plan losses.

4.      In this case, Harwood Feffer has conducted substantive investigations regarding the losses suffered by Citigroup's 401(k) retirement plans, and filed a detailed complaint with the Court.

5.      Attached hereto as **Exhibit A** is a true and correct copy of the order regarding consolidating related ERISA actions, *In Re Royal Dutch/Shell Transport Erisa Litigation, No. 04-1398,* (D.N.J. June 30, 2004).

6.      Attached hereto as **Exhibit B** is a true and correct copy of the Harwood Feffer's

firm resume.

      Dated:  November 26, 2007
                 New York New York.

                          Robert I. Harwood, Esq.
                          **HARWOOD FEFFER LLP**

**EXHIBIT A**

<div align="right">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | | |
|---|---|---|
| In re: | : | Civil Action No. 04-1398(JWB) |
| ROYAL DUTCH/SHELL TRANSPORT | : | (Consolidated Cases) |
| ERISA LITIGATION | | Hon. John W. Bissell |
| | : | |
| | : | **O R D E R** |

Pursuant to the agreement of counsel as to the disposition of several initial motions in related class actions assigned to this Court; and good cause appearing in the papers submitted,

IT IS on this 30th day of June 2004, **ORDERED:**

(1.)  The following actions are consolidated for all purposes under "Consolidated Action No. 04-1398."

------------------------------
| | | |
|---|---|---|
| GORDON LANCASTER, Individually: and on behalf of all others similarly situated; | : | |
| | | Civil Action No. 04-1398 |
| v. | : | |
| ROYAL DUTCH PETROLEUM COMPANY;: JEROEN VAN DER VEER; PHILIP WATTS and PERVIS THOMAS, JR., : | | |
| Defendants. | : | |

------------------------------
| | | |
|---|---|---|
| KENNETH LOTTINGER, Individually and on behalf of a class of all others similarly situated, | : | |
| Plaintiffs, | : | |
| | | Civil Action No. 04-1655(JWB) |
| v. | : | |

N.V. KONINKLIJKE NEDERLANDSCHE:
PETROLEUM MAATSCHAPPIJ, a/k/a
ROYAL DUTCH PETROLEUM COMPANY;:
THE SHELL TRANSPORT AND
TRADING COMPANY, PLC; et al.; :

       Defendants.    :

----------------------------:
JOHN TRISTAN, JOSE VALADEZ,
OSCAR PENA, HERNALDO RIVERA  :
and JOHN R. ROSENBOOM,
Individually and on behalf of :
all others similarly situated
and on behalf of the Shell   :
Provident Fund and the Shell
Pay Deferral Investment Fund, :

       Plaintiffs,    :

     v.             :

ROYAL DUTCH PETROLEUM COMPANY;:
JEROEN VAN DER VEER; PHILIP  :
WATTS and PERVIS THOMAS, JR.,
                    :

       Defendants.   :
----------------------------
SCOTT FRANKLIN, JR., Individ- :
ually and on behalf of all
others similarly situated,   :

       Plaintiffs,   :

     v.             :

ROYAL DUTCH COMPANY;        :
JEROEN VAN DER VEER;
PHILIP WATTS and            :
PERVIS THOMAS, JR.,
                    :

       Defendants.
----------------------------:

Civil Action No. 04-1636(JWB)

Civil Action No. 04-1694(JWB)

   (2.)  Any action hereinafter filed in the Court or

transferred to this Court arising out of the same facts and
asserting the same or substantially similar claims as alleged in
these consolidated cases shall also be consolidated under that
docket number.  All papers submitted herein shall hereafter bear
the caption "IN RE ROYAL DUTCH/SHELL TRANSPORT ERISA LITIGATION"
under the above-mentioned docket number.

(3.)  The terms of this Order shall not have the effect of
making any person, firm or corporation a party to any action in
which he, she, or it has not been named, served or added in
accordance with the Federal Rules of Civil Procedure.

(4.)  When a case which relates to the subject matter of
this Consolidated Action is hereafter filed in this Court or
transferred here from another court, the Clerk of this Court
shall:

    (a)  Mail a copy of this Order to the attorney(s) for
         the plaintiff(s) in the newly filed or transferred
         case and to the attorneys for any new
         defendant(s)in the newly filed or transferred
         case; and

    (b)  Mail a copy of the Order of Assignment to counsel
         for plaintiffs and to counsel for defendants in
         the Consolidated Action.

(5.)  This Court directs counsel to call to the attention of
the Clerk of this Court the filing or transfer of any case which
might properly be consolidated with these actions.

(6.)  This Order shall apply to each case subsequently filed
in this Court or transferred to this Court unless a party

-3-

objecting to the consolidation of such case or to any other provision of this Order shall, within fifteen (15) days after the date upon which a copy of this Order is mailed to counsel for such party, file an application for relief from this Order or any provision herein and this Court deems it appropriate to grant such application.

(7.)  All references to filing of documents with the Court or its Clerk shall include electronic filing where feasible and appropriate.

(8.)  The Court hereby designates the following plaintiffs to act as co-lead plaintiffs in this action:  Gordon Lancaster, John Tristan, Jose Valadez, Oscar Pena, Hernaldo Rivera, John R. Rosenboom and Scott Franklin, Jr.

(9.)  The Court designates the following firm to act as co-lead counsel on behalf of plaintiffs with the responsibilities described later in this Order:  Wechsler Harwood LLP, Scott & Scott, LLC and Milberg Weiss Bershad Hynes & Lerach LLP.

(10.)  Subject to this Court's exercise of discretion to review any disputed material decision, lead counsel shall have sole authority over the following matters on behalf of all plaintiffs in their respective cases:  (a) the establishment of working committees for the efficient prosecution of the litigation and the appointment of chairpersons and members of such committees; (b) the initiation, response, scheduling,

-4-

briefing and argument of all motions; (c) the scope, order and

conduct of all discovery proceedings; (d) such work assignments

to other plaintiffs' counsel as they may deem appropriate; (e)

the retention of experts; (f) designation of which attorneys may

appear at hearings and conferences with the Court; (g) the timing

and substance of any settlement negotiations with defendants; and

(h) other matters concerning the prosecution or resolution of

their respective cases.

(11.)  No motion shall be initiated or filed on behalf of

any plaintiff except through lead counsel in these cases.  Any

discovery dispute shall be brought to the attention of Magistrate

Judge Haneke by letter with five business days to respond.  There

are to be no formal discovery motions filed without prior

permission of the Court.

(12.)  Subject to this Court's exercise of discretion to

review any disputed material decision, lead counsel shall have

sole authority to communicate with defendants' counsel and the

Court on behalf of all plaintiffs in their respective cases,

unless that authority is expressly delegated to other counsel.

Defendants' counsel may rely on all agreements made with lead or

designated counsel, and such agreement shall be binding on all

other plaintiffs' counsel in their respective cases.

(13.)  The Court designates the following firm to act as

liaison counsel on behalf of plaintiffs:  Lite DePalma Greenberg

& Rivas, LLC.

(14.) Defendants shall effect service of papers on plaintiffs by serving a copy of the papers electronically, by overnight mail service, telecopy or hand delivery on: (a) liaison counsel and (b) lead counsel. Liaison counsel shall effect service on all other plaintiffs' counsel either electronically or by first class United States mail. Plaintiffs shall effect service of papers on defendants by serving a copy of the paper by overnight mail service, telecopy or hand delivery on counsel for defendants. This Court's Master Service List shall govern in all proceedings.

(15.) The Court directs all counsel in this Consolidated Action to make every effort to avoid duplication, inefficiency and inconvenience to the Court, the parties, counsel and witnesses. However, nothing in this Order is intended to diminish the right of any counsel to be heard on matters that are not appropriate for joint or common action or as to which there is a genuine and substantial disagreement among counsel.

(16.) Each attorney not a member of the Bar of this Court, who is acting as counsel for a plaintiff or defendant herein and who is in good standing in any district court of the United States, shall be deemed admitted <u>pro hac vice</u> to practice before this Court in connection with this Consolidated Action.

(17.) The Court recognizes that cooperation by and among

-6-

counsel is essential for the orderly and expeditious resolution of this litigation.  Accordingly, the communication of information among and between plaintiffs' counsel and among or between defendants' counsel shall not be deemed a waiver of the attorney-client privilege or the attorney work product privilege.

(18.)  Plaintiffs, under the direction of lead counsel, shall file and serve their Consolidated Amended Class Action Complaint as to all claims brought by all plaintiffs within thirty (30) days of the date of this Order.  Defendants shall answer, move or otherwise plead within thirty (30) days after service of the Consolidated Amended Complaint.  No dispositive motion shall be filed without prior permission of the Court, unless a schedule for filing, briefing and arguing any such motion shall be set forth in one or more Case Management Orders herein.

(19.)  The parties shall schedule promptly a conference with Hon. G. Donald Haneke, USMJ, in order to, inter alia, generate the initial Case Management Order.

/s/    John W. Bissell
JOHN W. BISSELL
Chief Judge
United States District Court

-7-

**EXHIBIT B**

# HARWOOD FEFFER LLP
## FIRM DESCRIPTION

The law firm of Harwood Feffer LLP ("Harwood Feffer" or the "Firm") specializes in complex, multi-party litigation with an emphasis on securities class actions, shareholder derivative and ERISA litigation. The Firm also handles more general complex commercial litigation involving allegations of breach of contract, breach of fiduciary duty, fraud, and negligence, as well as litigation involving consumer fraud, anti-competitive conduct, and other commercial claims.

Harwood Feffer is dedicated to prosecuting socially useful actions in the most efficient manner and with the highest level of professional competence. The structure of the Firm allows us a far greater degree of independence, flexibility, and satisfaction than a large firm environment, without sacrificing the quality of representation necessary to successfully litigate complex actions throughout the country. The Firm maintains an excellent reputation -- among both the plaintiffs' and defense bars. Our adversaries and co-counsel know that we take a case to trial, if necessary, to achieve a satisfactory result for our clients.

Harwood Feffer has been acknowledged by courts and by its peers to be one of the leaders in the plaintiffs' shareholder advocacy bar. In this regard, we have developed new law in the areas of tender offers, fiduciary duty of corporate insiders to public shareholders in mergers and takeovers, and general principles of required disclosure to shareholders and institutional investors in public companies.

As a result, the Firm has been designated as lead, co-lead or special counsel in numerous complex cases and other actions involving shareholder rights and corporate governance. In the vast majority of such actions, the Firm's skill and expertise has led to the recovery of substantial monetary and equitable benefits for investors, stockholders, corporations, and

partnerships.  By way of example, the following litigated actions, in which the Firm served in a leadership capacity, were all brought to highly successful conclusions:  1) In re First Capital Holdings Corporation Financial Products Securities Litigation, MDL 901 (C.D.Cal.) (restoration of over $1 billion in insurance policies and benefits); 2) In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of settlement fund of $90 million plus implementation of structural relief); 3) In re Prudential Bache Energy Income Partnerships Securities Litigation, MDL 880 (E.D.La.) (creation of settlement fund in excess of $90 million); 4) In re JWP Inc. Securities Litigation, (S.D.N.Y.) (creation of settlement fund in excess of $37 million); 5) Morse v. McWhorter, (M.D. Tenn.)(creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.); 6) In re BankOne Securities Litigation, (N.D. Ill.) (creation of a $45 million settlement fund); and 7) Sidney Morse, et al. v. Abbott Laboratories, et al., (N.D. Ill.) (creation of a $14.1 million settlement fund following a jury verdict for plaintiffs).

Courts have often recognized the Firm's skill in class actions.  For example, in In re Electro-Catheter Securities Litigation, Judge Nicholas Politan of the District of New Jersey stated:

> [C]ounsel in this case are highly competent, very skilled in this very specialized area and were at all times during the course of the litigation that I participated in, which was perhaps the major part of the Court litigation here, always well prepared, well spoken, and knew their stuff and they are a credit to their profession.  They are the top of the line.

## THE ATTORNEYS OF THE FIRM

**Robert I. Harwood,** senior partner of the Firm, graduated from William and Mary Law School in 1971, and has specialized in securities law and securities litigation since beginning his career in 1972 at the Enforcement Division of the New York Stock Exchange. He has prosecuted numerous securities, class, derivative, and ERISA actions. He is a member of the Trial Lawyers' Section of the New York State Bar Association and has served as a guest lecturer at trial advocacy programs sponsored by the Practicing Law Institute.

Commenting on Mr. Harwood's abilities, in In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.), Judge Bissell stated:

> the Court knows the attorneys in the firms involved in this matter and they are highly experienced and highly skilled in matters of this kind. Moreover, in this case it showed. Those efforts were vigorous, imaginative and prompt in reaching the settlement of this matter with a minimal amount of discovery . . . . So both skill and efficiency were brought to the table here by counsel, no doubt about that.

Likewise, Judge Hurley stated in connection with In re Olsten Corporation Securities Litigation, 97 CV-5056 (E.D.N.Y. Aug. 31, 2001), wherein a settlement fund of $24.1 million was created: "The quality of representation here I think has been excellent." Mr. Harwood was lead attorney in Meritt v. Eckerd, 86 Civ. 1222 (E.D.N.Y. May 30, 1986), where then Chief Judge Weinstein observed that counsel conducted the litigation with "speed and skill" resulting in a settlement having a value "in the order of $20 Million Dollars." Mr. Harwood prosecuted the Hoeniger v. Aylsworth class action litigation in the United States District Court for the Western District of Texas (SA-86-CA-939), which resulted in a settlement fund of $18 million and received favorable comment in the August 14, 1989 edition of The Wall Street Journal ("Prospector Fund Finds Golden Touch in Class Action

3

Suit" p. 18, col. 1). Mr. Harwood served as co-lead counsel in In Re Interco Incorporated Shareholders Litigation, Consolidated C.A. No. 10111 (Delaware Chancery Court) (May 25, 1990), resulting in a settlement of $18.5 million, where V.C. Berger found, "This is a case that has an extensive record that establishes it was very hard fought. There were intense efforts made by plaintiffs' attorneys and those efforts bore very significant fruit in the face of serious questions as to ultimate success on the merits."

Mr. Harwood recently served as lead counsel in Morse v. McWhorter, (Columbia/HCA Healthcare Securities Litigation) (M.D. Tenn.), in which a settlement fund of $49.5 million was created for the benefit of the Class, as well as In re Bank One Securities Litigation, (N.D. Ill.), which resulted in the creation of a $45 million settlement fund. Mr. Harwood also served as co-lead counsel in In re Safety-Kleen Corp. Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $44.5 million; In re Laidlaw Stockholders Litigation, (D.S.C.), which resulted in a settlement fund of $24 million; In re JWP Inc. Securities Litigation, (S.D.N.Y.), which resulted in a $37 million settlement fund; In re Oxford Health Plans, Inc. Derivative Litigation, (S.D.N.Y.), which resulted in a settlement benefit of $13.7 million and corporate therapeutics; and In re UNUMProvident Corp. Securities Litigation, (D. Me.), which resulted in the creation of settlement fund of $45 million.

**Joel C. Feffer**, one of the senior members of the firm, was the partner supervising the litigation of In re Home Shopping Network, Inc., Derivative Litigation, (S.D. Fla.), which created a settlement benefit in excess of $20 million, and Edge Partners, L.P. v. Dockser, et al., (D. Md.), which created a settlement benefit in excess of $11 million. In addition, Mr. Feffer was in charge of Dornberger v. Metropolitan Life Insurance Company in the Southern District of New York, which

4

created a settlement benefit of more than $20 million; the successful prosecution of the <u>Regeneron</u>

<u>Pharmaceuticals, Inc. Securities Litigation</u> in the Southern District of New York, which created a

settlement fund in excess of $4 million; and <u>Croyden Assoc. v. Tesoro Petroleum Corp., et al.</u>, (Del.

Ch.), which created a settlement benefit of $19.2 million on behalf of holders of preferred stock of

Tesoro Petroleum Corp.

Mr. Feffer graduated from Georgetown University Law Center in 1967 and

specialized in corporate law and securities litigation. Mr. Feffer is a member of both the New York

State and American Bar Associations.

**Daniella Quitt**, a member of the Firm, graduated from Fordham University School

of Law in 1988, is a member of the Bar of the State of New York, and is also admitted to the United

States District Courts for the Southern and Eastern Districts of New York and the United States

Court of Appeals for the Second and Fifth Circuits.

Ms. Quitt has played a significant role in numerous actions in which Harwood Feffer

served as lead or co-lead counsel, wherein substantial benefits were conferred upon plaintiff

shareholders, such as <u>In re Safety-Kleen Corp. Stockholders Litigation</u>, (D.S.C.) ( settlement

fund of $44.5 million); <u>In re Laidlaw Stockholders Litigation</u>, (D.S.C.) (settlement fund of $24

million; <u>In re UNUMProvident Corp. Securities Litigation</u>, (D. Me.) (settlement fund of $45

million); <u>In re Harnischfeger Industries</u> (E.D. Wisc.) (settlement fund of $10.1 million); <u>In re Oxford</u>

<u>Health Plans, Inc. Derivative Litigation</u>, (S.D.N.Y.) (settlement benefit of $13.7 million and

corporate therapeutics); <u>In re JWP Inc. Securities Litigation</u>, (S.D.N.Y.) (settlement fund of $37

million; <u>In re Home Shopping Network, Inc., Derivative Litigation</u>, (S.D. Fla.) (settlement benefit

in excess of $20 million); <u>In re Rexel Shareholder Litigation</u>, (Sup. Ct. N.Y. County) (settlement

benefit in excess of $38 million); and Croyden Assoc. v. Tesoro Petroleum Corp., et al., (Del. Ch.) (settlement benefit of $19.2 million).

Recently, in connection with the settlement of Alessi v. Beracha, (Del. Ch.), a class action brought on behalf of the former minority shareholders of Earthgrains, Chancellor Chandler commented: "I give credit where credit is due, Ms. Quitt. You did a good job and got a good result, and you should be proud of it."

Prior to joining Harwood Feffer in May 1991, Ms. Quitt represented both plaintiffs and defendants in complex commercial litigation. Since her affiliation with Harwood Feffer, Ms. Quitt has focused her practice on shareholder rights but continues to handle general commercial and consumer litigation.

**Matthew M. Houston**, a member of the Firm, graduated from Boston University School of Law in 1988. Mr. Houston is a member of the Bar of the State of New York and the Commonwealth of Massachusetts. Mr. Houston is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and the District of Massachusetts. Since his affiliation with Harwood Feffer in 1992, Mr. Houston has concentrated his practice exclusively in the field of shareholder rights.

Mr. Houston has played a principal role in numerous class actions wherein substantial benefits were conferred upon plaintiffs: Pace American Shareholder Litigation, 94-92 TUC-RMB (securities fraud class action settlement resulting in a recovery of $3.75 million); In re Bay Financial Securities Litigation, Master File No. 89-2377-DPW, (J. Woodlock) ( D. Mass.) (settlement of action based upon federal securities law claims resulting in class recovery in excess of $3.9 million); Crandon Capital Partners v. Sanford M. Kimmel, C.A. No. 14998 (J. Chandler) (Del. Ch. 1996)

(settlement of an action on behalf of shareholders of Transnational Reinsurance Co. whereby acquiring company provided an additional $10.4 million in merger); Goldsmith v. Technology Solutions Company, 92 C 4374 (J. Manning) (N.D. Ill. 1992) (recovery of $4.6 million as a result of action alleging false and misleading statements regarding revenue recognition).

**Samuel K. Rosen**, a member of the Firm, graduated Princeton University in 1965 and cum laude from Harvard Law School in 1968. Mr. Rosen has had extensive experience in securities class action litigation, as well as complex corporate and commercial litigation. Mr. Rosen has also represented public and private companies in matters of general corporate concern.

In 1979, Mr. Rosen argued in the United States Supreme Court, and won, the landmark case, Park Lane Hosiery Co., Inc. v. Shore, 439 U.S. 322 (1979). Mr. Rosen played a key role in the successful prosecution of Morse v. McWhorter, (M.D. Tenn.) (creation of a settlement fund of $49.5 million on behalf of investors in Columbia/HCA Healthcare Corp.) and In re Olsten Corporation Securities Litigation, (E.D.N.Y.) (creation of a settlement fund of $24.1 million).

**James G. Flynn**, a member of the Firm, graduated cum laude from Fordham College in 1980 and cum laude from St. John's School of Law in 1988. Mr. Flynn is a member of the Bar of the State of New York and is also admitted to the United States District Courts for the Southern and Eastern Districts of New York and to the United States Court of Appeals for the Second and the Fifth Circuits.

Mr. Flynn has played a principal role in numerous class, derivative, and consumer actions wherein substantial benefits were conferred upon investors and consumers, such as In re Executive Telecard, Ltd. Securities Litigation, 94 Civ. 7846 (CLB) (S.D.N.Y.) (settlement benefit in cash and options of over $4 million in Federal securities action); In re Verizon Three Way Calling

7

Litigation, No. 603484-01 (Sup. Ct. N.Y. County) (class action settlement providing full refund of improper three way calling charges of up to $2 million collected); In re Graham-Field Health Products, Inc. Securities Litigation, No. 98-CV-1923 (DRH) (E.D.N.Y.) ($5,650,000 settlement of Federal securities class action); and Geer v. Cox, et al., Case No. 01-2583-JAR (D. Kan.) (derivative settlement of $2.5 million in class and derivative action).

Prior to joining Harwood Feffer, Mr. Flynn represented both plaintiffs and defendants in commercial and securities litigations and in class actions. Since his affiliation with Harwood Feffer in 1994, Mr. Flynn has focused his practice in the field of shareholder and consumer rights but continues to handle general and complex commercial litigation as well.

**Jeffrey M. Norton**, a member of the Firm, graduated with honors from Arizona State University in 1992 where he also earned a Junior Fellowship position within the Political Science Department. Mr. Norton graduated cum laude from Pace University School of Law in 1997 where he received a Dean's Grant as well as a Public Interest Law Scholarship for his work with the Center for Constitutional Rights in New York City and Pace University's Social Justice Center.

Mr. Norton has played a key role in numerous securities and ERISA actions in which substantial benefits were conferred upon class members, including In re Royal Dutch/Shell Transport ERISA Litigation, (D.N.J.) (creation of a settlement fund of $90 million plus implementation of structural relief). Prior to joining Harwood Feffer, Mr. Norton represented both plaintiffs and defendants in a wide range of commercial and civil litigation matters, including civil rights, voting rights, mass tort and complex class action litigation, and professional liability litigation. He drafted supplement to Paul D. Rheingold, MASS TORT LITIGATION (1996) and assisted in litigating the seminal voting rights case of Goosby v. Town Board of the Town of Hempstead, 981 F. Supp. 751

8

(E.D.N.Y. 1997), aff, 180 F.3d 476 (2d. Cir. 1999), cert. denied, 528 U.S. 1138 (2000). Mr. Norton is admitted in the State Courts of New York and Connecticut as well as the United States District Courts for the Southern and Eastern Districts of New York, the Eastern District of Michigan, and the United States Court of Appeals for the Fourth Circuit.

Peter W. Overs, Jr., an associate of the firm, was admitted to the New York Bar in 1994 and the U.S. District Court, Southern and Eastern Districts of New York in 1995. He is a graduate of St. Johns University (J.D., 1993) and New York University (B.A., magna cum laude, departmental honors in Philosophy, 1990). Mr. Overs authored "U.S. v. Fagg: Stretching the Bounds of Privacy," 66 St. Johns L. Rev. 1193 (1993). He is a member of the Association of the Bar, City of New York. Upon graduation from law school, Mr. Overs served as law clerk to the Honorable Paul J. Kelly, Jr., Circuit Judge, Unites States Court of Appeals for the Tenth Judicial Circuit. Prior to becoming an associate of the Firm, Mr. Overs represented both plaintiffs and defendants in antitrust and securities class actions, complex commercial litigation and federal appeals.

Jennifer K. Hirsh, an associate at the Firm, graduated from Brown University with a Bachelor of Arts in History. She received her J.D. from the Benjamin N. Cardozo School of Law in 2001, where she was the Senior Articles Editor of the Journal of International and Comparative Law. Ms. Hirsh is a member of the Bar of the State of New York. Prior to joining the Firm, Ms. Hirsh represented plaintiffs in a variety of complex commercial, securities, class action, and shareholder litigation, including as senior member of the trial team in In re Walt Disney Deriviative Litig.

Tanya Korkhov, an associate of the firm, was admitted to the bar in 2006. Ms. Korkhov graduated from New York University with a Bachelor of Arts in English and American

9

Literature. She received her J.D. from the Benjamin N. Cardozo School of Law in 2005, where as

a member of the Securities Arbitration Clinic, she represented clients in securities-related matters.

Ms. Korkhov represented Cardozo on a four-member team in the 2005 and 2004 annual *Willem C.*

*Vis International Commercial Arbitration Moot Competition* held in Vienna, Austria.